UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>BLAHNIK,<br><br>　　　　　　　　　Defendant. | Case No.: 16cv2412-CAB-DHB<br><br>**ORDER:(1) ADOPTING REPORT AND RECOMMENDATION [Doc. No. 13]; (2) GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS [Doc. No. 6]** |

Plaintiff Raul Arellano ("Plaintiff"), a state prisoner proceeding *pro se* and *informa pauperis*, filed his Complaint in this case on September 23, 2016, alleging Defendant Blahnik ("Defendant") violated his rights under 42 U.S.C. §1983. [Doc. No. 1.] On February 16, 2017, Defendant filed a motion to dismiss plaintiff's complaint and requested the Court take judicial notice of certain California state court records. [Doc. No. 6.][1] Plaintiff filed an opposition to Defendant's motion to dismiss on March 21, 2017. [Doc. No. 8.] Defendant filed a reply to Plaintiff's opposition on March 28, 2017. [Doc. No. 9.]

---

[1] Defendant's request for judicial notice [Doc. No. 6-2] is **GRANTED**.

1

16cv2412-CAB-DHB

On June 30, 2017, Magistrate Judge Louisa S. Porter issued a Report and Recommendation Denying in Part and Granting in Part Defendant's Motion to Dismiss (the "Report"). [Doc. No. 13.] On July 17, 2017, Defendant filed Objections to Magistrate Judge's Report and Recommendation. [Doc. No. 14.] On August 14, 2017, Plaintiff filed a reply to Defendant's objections. [Doc. No. 15.] Having reviewed the matter *de novo* and for the reasons that follow, the Report is **ADOPTED WITH MODIFICATION** and the motion to dismiss is **GRANTED IN PART AND DENIED IN PART**, as set forth below.

REVIEW OF REPORT AND RECOMMENDATION

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rules of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). The district court need not review de novo those portions of a report and recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).

DISCUSSION

A. Background.

In this §1983 prisoner-civil-rights action, Plaintiff claims Defendant deprived him of his First Amendment right to access to court by losing and/or destroying legal papers he needed to file a petition for writ of habeas corpus challenging his criminal conviction. In the motion to dismiss, Defendant argues that Plaintiff's claim should be dismissed for the following reasons: (1) it is barred by the favorable termination doctrine of *Heck v. Humphrey ("Heck")*, 512 U.S. 477 (1994); (2) Plaintiff does not sufficiently allege the non-frivolity of his underlying ineffective assistance of counsel claim; and (3) Plaintiff's alleged "exculpatory evidence" was available to Plaintiff at the time of his trial and, thus,

cannot be relied on to exonerate Plaintiff now. [Doc. No. 6-1 at 5.] Defendant also seeks to dismiss the complaint because Blahnik cannot be sued in his official capacity. [Doc. No. 6-1 at 11.] In the Report, Magistrate Judge Porter recommended that the motion to dismiss on the first three grounds be denied, but that the motion to dismiss Blahnik as a state official be granted (however Blahnik should remain as an individual defendant). [Doc. No. 13.] In the objections, Defendant only objects to the recommendation that the motion to dismiss on *Heck* grounds be denied. [Doc. No. 14 at 3.]

B. *Heck* issue.

As noted by Magistrate Judge Porter and other district courts, there is a potential conflict between an access-to-court claim under *Lewis v. Casey ("Lewis")*, 518 U.S. 343, 356 (1996), and the *Heck* "favorable determination" doctrine. On the one hand, prisoners have a fundamental constitutional right to "adequate, effective, and meaningful" access to the court, *Bounds v. Smith*, 430 U.S. 817, 822 (1977); however, it encompasses only "a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement." *Lewis v. Casey*, 518 U.S. 343, 356 (1996). In order to establish a claim for denial of access to the courts, a prisoner must demonstrate that he suffered "actual injury," which, in turn, requires proof that the denial "hindered his efforts to pursue a legal claim." *Id*. at 351. On the other hand, under the *Heck* "favorable determination" doctrine[2], a plaintiff who wishes to obtain damages under §1983 for an unconstitutional state action that would invalidate the plaintiff's conviction

---

[2] "We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by the actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 22 U.S.C. §2254. A claim of damages bearing that relationship to a conviction that have *not* been so invalidated is not cognizable under §1983. Thus, when a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 486-87 (emphasis in original).

or confinement must first obtain a favorable termination of that conviction or sentence. 512 U.S. at 486-87.

This conflict between *Heck* and *Lewis* creates a "Catch-22" situation in cases like Plaintiff's. In other words, Plaintiff is barred from bringing his access-to-court suit against defendants until he successfully overturns his conviction, but he cannot *effectively* challenge that conviction because defendants have (allegedly) confiscated important legal materials necessary to obtain post-conviction relief.

The Ninth Circuit has not directly addressed this conflict. Defendant argues that this court should follow the reasoning of the Seventh Circuit set forth in *Burd v. Sessler*, 702 F.3d 429 (7th Cir. 2012). In *Burd*, the plaintiff brought a § 1983 access claim for damages against prison officials who prevented him from using library resources to prepare a motion to withdraw his guilty plea, and plaintiff argued that "the loss of an opportunity to seek some particular order of relief" can form the basis of an access-to-courts claim. *Burd*, 702 F.3d at 433. The district court rejected the plaintiff's argument and granted the motion to dismiss on the ground that "a favorable determination on [the plaintiff's] damages claim would necessarily imply the invalidity of [the plaintiff's] conviction," and therefore, the plaintiff's claim was barred by *Heck*. *Id*. The Seventh Circuit pointed out " 'that only prospective relief is available in a prisoner's suit complaining of denial of access to the courts unless he has succeed in getting his conviction annulled, since otherwise an effort to obtain damages would be blocked by *Heck*.'" *Id*. (*quoting Hoard v. Reddy*, 175 F.3d 531, 533 (7th Cir. 1999)).

Many district courts in the Ninth Circuit have followed the reasoning of the Seventh Circuit in *Burd*. *See, e.g., Koch v. Jester*, 2014 WL 3783961, at *5 (D. Or. July 31, 2014); *Gregory v. Cty. of San Diego*, 2013 WL 5670928, at *5 (S.D. Cal. Oct. 15, 2013); *Collins v. Corr. Corp. of Am.*, 2011 WL 768709, at *2 (D. Nev. Jan. 26, 2011); *Cole v. Sisto*, 2009 WL 2230795, at *4 (E.D. Cal. July 24, 2009).

Magistrate Judge Porter finds the Seventh Circuit's reasoning less persuasive than the reasoning set forth in *Lueck v. Wathen*, 262 F.Supp.2d 690, 696-99 (N.D. Tex. 2003).

In *Lueck*, plaintiff brought a § 1983 access-to-court suit against prison officials alleging the defendants prevented him from collaterally attacking his conviction by confiscating his legal documents. *Id.* at 693. Plaintiff sought injunctive relief or monetary damages. *Id.* at 699. Similar to Blahnik here, the *Lueck* defendants contended that plaintiff's access claim was barred by *Heck*. *Id.* at 696. However, the *Lueck* court found that "[success on] plaintiff's access claim did not necessarily imply the invalidity of his conviction or sentence." *Id.* at 699 (internal quotation marks omitted).

In the objections, Defendant requests that this Court also adopt the reasoning of the Eastern District in *Powell v. Barron*, Case No. 1:15cv89-AWI-SAB (E.D. Cal. June 16, 2016)[3], where the court dismissed an access-to-court damages claim under the favorable termination doctrine of *Heck*.

Recently there has been a thorough analysis of the *Heck/Lewis* potential conflict in another case from the Eastern District, *Sprinkle v. Robinson*, (E.D. Cal., Mar. 22, 2017, No. 2:02cv1563-JAM-EFB P), 2017 WL 1079833, *report and recommendation adopted* (E.D. Cal., June 29, 2017, No. 2:02cv1563-JAM-EFB P), 2017 WL 2812973. In *Sprinkle,* plaintiff was a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. The court granted partial summary judgment (as to liability) in favor of plaintiff on his claim that defendants violated his right to access the courts when they refused to photocopy exhibits he needed to attach to a habeas petition pending in a California superior court. *Id.* at *1. The court then set the question of damages for trial. *Id.* However, at the final pretrial conference, the district judge vacated the trial date and later referred the case back to the assigned magistrate judge "to set a schedule for briefing as to damages, including whether the inclusion of plaintiff's exhibits with his habeas petition would have altered the result of his criminal conviction and sentence, and how that issue relates to plaintiff's claim for damages." *Id.* (citations omitted). Thereafter,

---

[3] Defendant's request for judicial notice [Doc. No. 14-1] is **GRANTED.**

findings and recommendations were issued concluding that the question of damages, if any, including the amount, are factual questions that should be determined by the jury. *Id.* The district judge declined to adopt that recommendation and instead referred the case back for consideration of the impact of *Heck v. Humphrey*, 512 U.S. 477 (1992), on plaintiff's damages claims. *Id.*

Magistrate Judge Edmund F. Brennan reviewed the conflict between access-to-court cases and *Heck* and noted that the *Heck* issue arises "only where a plaintiff claims that, but for the defendant's unlawful blocking of his access to the courts, his collateral attack would have succeeded, he would have been released, and he is therefore owed damages to compensate for the wrongful incarceration." *Id.* at *8. "Such damages imply the invalidity of the plaintiff's incarceration and are therefore barred by the [*Heck*] favorable-determination rule. *Id.* (citations omitted). Magistrate Judge Brennan went on to note that "[n]ot all damages in cases such as this one call into question the underlying conviction, however. There exist other "injuries in fact" that may be addressed by the court without running afoul of *Heck*." *Id.* at *8. In fact, as analyzed by Magistrate Judge Brennan, *Heck* itself supports "allowing a substantive claim that does not necessarily imply the invalidity of the conviction or sentence to proceed, even though a portion of the claimed damages may be barred by *Heck*":

> Cases like the instant one present exactly such a situation – plaintiff's substantive claim that defendants obstructed his access to the court in his state habeas petition does not necessarily impugn his conviction, but a claim that he is owed compensation for his incarceration because the habeas would have succeeded does. Yet, in such cases, a plaintiff may obtain other damages that do not impugn the conviction. For example, some compensatory damages are totally unrelated to the validity of a plaintiff's incarceration; e.g., the costs of preparing and filing the state petition. *Phillips v. Hust*, 477 F.3d 1070, 1081–82 (9th Cir. 2007), *vacated on other grounds by Hust v. Phillips*, 555 U.S. 1150 (2009); *McCullough v. Johnson*, No. 7:05–CV–058–R, 2007 U.S. Dist. LEXIS 84072, at *12–15, 2007 WL 3406753 (N.D. Tex. Nov. 14, 2007) (assessing compensatory damages for blocking the plaintiff's access to a state collateral attack valued by time spent preparing the state claims). Even if the plaintiff did not suffer any such

compensatory damages, a jury may award nominal damages, which also do not imply that he is wrongfully incarcerated. *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 308 n.11 (1986) (nominal damages "are the appropriate means of vindicating rights whose deprivation has not caused actual, provable injury."). In addition, the plaintiff may be able to establish entitlement to punitive damages. *Smith v. Wade*, 461 U.S. 30, 56 (1971) (punitive damages may be awarded in a § 1983 action "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."); *see Arizona v. ASARCO LLC*, 773 F.3d 1050, 1058 (9th Cir. 2014) (punitive damages may be awarded even if only nominal, and no compensatory, damages have been granted).

*Id.* at *8.

Magistrate Judge Brennan advocated allowing access-to-court cases such as Sprinkle's to proceed with regard to all damages except damages for wrongful incarceration, because plaintiff was not trying to circumvent the habeas procedure:

In access-to-courts cases such as this one, however, plaintiffs are not trying to circumvent habeas requirements by challenging their convictions or sentences in a § 1983 action. Rather, these plaintiffs are challenging the misconduct of prison officials who have blocked their attempts to pursue habeas in the first place. *Lueck v. Wathen*, 262 F. Supp. 2d 690, 699 (N.D. Tex. 2003). The focus, then, is on loss of the opportunity to be heard on a non-frivolous petition, regardless of whether the petition would have prevailed.

*Id.* at *9.

Accordingly, Magistrate Judge Brennan recommended that Sprinkle be allowed to proceed to a jury trial on his claim for any losses that are unrelated to alleged wrongful incarceration; for example, compensation for time spent preparing the petition and the costs of filing it. Magistrate Judge Brennan also recommended that the plaintiff be allowed to seek an award of nominal damages if he cannot establish that he suffered any compensatory damages, and that he be allowed to attempt to prove entitlement to punitive damages. *Id.* at 10. This recommendation was adopted by District Judge John A. Mendez. Sprinkle, 2017 WL 2812973 at *1.

This Court finds the reasoning of *Sprinkle* to be most persuasive, and hereby adopts its analysis. Plaintiff Arellano may proceed on his access-to-court claim to the extent that he seeks damages other than damages for wrongful incarceration. Therefore, the Report is **ADOPTED** with modification, the objections are **REJECTED**, and the motion to dismiss is **GRANTED IN PART AND DENIED IN PART** as set forth below.

## CONCLUSION

For the reasons set forth above, the Court **HEREBY ORDERS** that:

1. The Report is **ADOPTED** with modification;
2. The motion to dismiss with regard to the *HECK* issue is **GRANTED IN PART AND DENIED IN PART** as follows: Plaintiff may proceed with his access-to-court claim for any losses that are unrelated to alleged wrongful incarceration (for example, compensation for reacquiring the lost transcripts or obtaining replacement affidavits); Plaintiff may also seek an award of nominal damages if he cannot establish that he suffered any compensatory damages and may attempt to prove entitlement to punitive damages; any damages claimed for wrongful incarceration are disallowed;
3. The motion to dismiss based on insufficiency of Plaintiff's allegations of his underlying ineffective assistance of counsel claim is **DENIED**;
4. The motion to dismiss based on "exculpatory evidence" is **DENIED**;
5. The motion to dismiss based on Plaintiff suing Blahnik in his official capacity for damages under §1983 is **GRANTED.** However, Arellano may proceed against Blahnik in his individual capacity for damages under Section1983;

/ / / / /

/ / / / /

8

16cv2412-CAB-DHB

6. Defendant shall **answer** the complaint, as modified by this Order, by **September 7, 2017**.

**IT IS SO ORDERED.**

Dated: August 17, 2017

_____
Hon. Cathy Ann Bencivengo
United States District Judge