FILED

18 MAR 26 AM 10:40

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO,<br><br>                    Plaintiff,<br><br>v.<br><br>BLAHNIK,<br><br>                    Defendant. | Case No.: 16-cv-02412-CAB (RNB)<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART PLAINTIFF'S MOTION REQUESTING TO KNOW DATE OF DEPOSITION (ECF No. 49); AND**<br><br>**(2) DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME (ECF No. 51)** |

Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 civil rights matter, has filed two separate motions regarding discovery. Presently before the Court are Plaintiff's Motion Requesting to Know Date of Deposition (ECF No. 49) and Plaintiff's Motion for Extension of Time (ECF No. 51). Specifically, Plaintiff requests thirty (30) day advance notice of his deposition so that he has time to prepare. (ECF No. 49.) Plaintiff also requests an extension of the Scheduling Order so that he can file an application to depose Defendant, file interrogatories, file an appeal, and obtain an

1

expert witness. (ECF No. 51.) For the following reasons, the Court **GRANTS IN PART** Plaintiff's Motion Requesting to Know Date of Deposition, and **DENIES** without prejudice Plaintiff's Motion for Extension of Time.

On February 21, 2018, the Honorable Cathy Ann Bencivengo granted Defendant's *ex parte* motion to take the deposition of Plaintiff. (ECF No. 43.) Pursuant to Federal Rule of Civil Procedure 30(b)(1), the deposing party "must give reasonable written notice." Fed. R. Civ. P. 30(b)(1). Based on the foregoing, and taking into consideration Plaintiff's request for preparation time, the Court GRANTS IN PART Plaintiff's motion. The Court ORDERS Defendant to give Plaintiff at least fifteen (15) days' written notice prior to his deposition so that he has time to prepare.

On October 23, 2017, the Court issued a Scheduling Order in this matter following the Case Management Conference. (ECF No. 25.) The Scheduling Order set the deadline to designate experts as February 16, 2018, and the discovery deadline as June 22, 2018. (*Id.* at 1-2.) To the extent Plaintiff seeks to depose Defendant[1] or to serve Defendant with written discovery, he has ample time under the current Scheduling Order. Pursuant to the Scheduling Order, discovery "must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure." (*Id.* at 2.) Under the Federal Rules of Civil Procedure, a party must respond to interrogatories, for example, within thirty (30) days after being served. *See* Fed. R. Civ. P. 33(b)(2). Therefore, if Plaintiff serves interrogatories in a timely manner, Defendant will

---

[1] The Court notes that Plaintiff does not need the Court's permission to depose Defendant. *See* Fed. R. Civ. P. 30; Fed. R. Civ. P. 31; *Griffin v. Johnson*, No. 13-cv-01599-LJO-BAM (PC), 2016 WL 4764670, at *2 (E.D. Cal. Sept. 12, 2016); *Merchant v. Lopez*, No. 09-856 WQH (NLS), 2010 WL 890139, at *1 (S.D. Cal. Mar. 8, 2010). However, Plaintiff's *in forma pauperis* status does not entitle him to a waiver of any of the costs associated with a deposition. *See id.*

have an opportunity to respond before the discovery deadline.[2]

Plaintiff also seeks an extension of time to obtain an expert witness. (ECF No. 51.) However, the Court does not find good cause to modify the Scheduling Order to give Plaintiff additional time to obtain an expert witness. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). This is a § 1983 prisoner civil rights action, in which Plaintiff claims Defendant deprived him of his First Amendment right to access to court by losing and/or destroying legal papers he needed to file a petition for writ of habeas corpus challenging his criminal conviction. (*See* ECF Nos. 1, 16.) In his motion, Plaintiff fails to demonstrate what type of expert he would need in such a case, must less whether he diligently sought to obtain one at an earlier date. *See* Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment.") As such, Plaintiff's motion for an extension of time is DENIED without prejudice.

For the foregoing reasons, the Court **GRANTS IN PART** Plaintiff's Motion Requesting to Know Date of Deposition (ECF No. 49), and **DENIES** without prejudice Plaintiff's Motion for Extension of Time (ECF No. 51).

IT IS SO ORDERED.

Dated: March 26, 2018

ROBERT N. BLOCK
United States Magistrate Judge

---

[2] Pursuant to the Court's Civil Local Rules, "[u]nless filing is ordered by the court on motion of a party or upon its own motion, interrogatories, requests for production and answers thereto need not be filed unless and until they are used in proceedings." *See* CivLR 33.1(c).