# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO,<br><br>Plaintiff,<br><br>v.<br><br>BLAHNIK,<br><br>Defendant. | Case No.: 16-cv-2412-CAB (RNB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR COUNSEL AND EXTENSION OF TIME**<br><br>**[ECF No. 58]** |

On May 23, 2018, plaintiff filed a motion to appoint attorney and extension of time as to the discovery schedule for 60 days. (ECF No. 58.)

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. *See Terrell*

1

*v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

In the absence of counsel, however, the procedures employed by the federal courts are highly protective of a *pro se* litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding *pro se* complaint to less stringent standard) (per curiam). Where a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

In this case, plaintiff has failed to demonstrate extraordinary circumstances. Plaintiff has sufficiently represented himself to date. For example, on May 16, 2018, plaintiff discussed with defense counsel in person[1] the forward-looking and backward-looking claims in his case as they relate to the favorable determination doctrine in *Heck v. Humphrey*, 512 U.S. 477 (1994), as analyzed in *Christopher v. Harbury*, 536 U.S. 403 (2002). (*See* ECF No. 199-1 at 2, Case No. 3:14-cv-00590-JLS-JLB.) On May 18, 2018, defendant's counsel received a five-page, single-spaced handwritten letter from plaintiff further discussing the issues in that case. (*Id.*) Moreover, plaintiff has recently been designated a prisoner with disability placement impacted vision ("DPV"). (*See* ECF No. 199-2 at 2, Case No. 3:14-cv-00590-JLS-JLB.) As a DPV inmate, plaintiff is allowed to access machinery in the law library that either magnifies text or audibly reads the text to

---

[1] Plaintiff's deposition in this case was scheduled for May 16, 2018. (*See* ECF No. 199-1 at 1, Case No. 3:14-cv-00590-JLS-JLB.) However, plaintiff claimed that he was unable to be deposed because he could not properly prepare due to his vision impairment. (*Id.* at 2.)

2

him, depending on his preference; he will be provided a pocket magnifier if checked out for cell use; and a skilled inmate worker will be available to plaintiff on the yard to read text to him and act as a scribe for written documents. (*Id.* at 3.) Accordingly, the Court finds that the plaintiff has not shown how his vision impairment would prevent him from sufficiently prosecuting his lawsuit. At this stage of the proceedings, the Court finds the interests of justice do not require the appointment of counsel.

Accordingly, the Court hereby **DENIES** without prejudice plaintiff's motion for appointment of counsel.

However, the Court recognizes the existence of the need for plaintiff to have his vision impairment reexamined. During an April 2018 eye examination, plaintiff's eye chart test indicated blurry vision, which could not be corrected with lenses. (*See* ECF No. 199-1 at 2, Case No. 3:14-cv-00590-JLS-JLB.) Dr. Santos confirmed the findings of the April 2018 eye appointment on May 7, 2018, but could no reason for the blurred vision. (*Id.* at 2-3.) For that reason, Dr. Santos requested that plaintiff be seen by a ophthalmologist; although plaintiff's ophthalmologist appointment was scheduled for May 22, 2018, there was a concern that plaintiff might not be cleared for transport to that appointment due to his crisis bed status. (*Id.* at 3.) Therefore, the Court finds plaintiff's request reasonable considering the circumstances and **GRANTS** plaintiff's motion for a 60 day extension of time to the deadlines currently set the Court's October 23, 2017 scheduling order.

Accordingly, IT IS HEREBY ORDERED that:

1. The fact discovery cutoff shall be continued from June 22, 2018 to **August 24, 2018**.

2. The deadline to file dispositive pretrial motions shall be continued from July 20, 2018 to **September 21, 2018**.

3. The date scheduled to conduct the Mandatory Settlement Conference shall be continued from October 5, 2018 to **December 7, 2018**. The deadline for parties to submit settlement statements shall be continued from September 28, 2018 to **November 30, 2018**.

4. The deadline for counsel to comply with the pretrial disclosure requirements of Fed. Civ. P. 26(a)(3) shall be continued from October 19, 2018 to **December 21, 2018**.

  5. The deadline for counsel to meet and take the action required by Local Rule 16.1(f)(4) shall be continued from October 26, 2018 to **December 28, 2018**.

  6. The deadline for defense counsel to provide plaintiff with the proposed pretrial order for review and approval shall be continued from November 2, 2018 to **January 4, 2019**.

  7. The deadline to lodge the proposed final pretrial conference order with the assigned district judge shall be continued from November 9, 2018 to **January 11, 2019**.

  8. The final Pretrial Conference shall be continued from November 16, 2018 to **January 18, 2019**.

  9. All other instructions set forth in the Court's October 23, 2017 Scheduling Order remain as initially set.

Dated: May 29, 2018

ROBERT N. BLOCK
United States Magistrate Judge