UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO,<br><br>                         Plaintiff,<br>v.<br><br>BLAHNIK,<br><br>                        Defendant. | Case No.: 16-CV-2412-CAB (RNB)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION FOR APPOINTMENT OF COUNSEL, REQUEST FOR CERTIFICATION OF AN INTERLOCUTORY APPEAL, AND AN EXTENSION OF TIME WHILE THE INSTANT MOTION IS PENDING**<br>**[ECF No. 65]** |

## BACKGROUND

Now pending before the Court is plaintiff Raul Arellano's Motion for Reconsideration for Appointment of Counsel, which was filed *nunc pro tunc* on June 20, 2018. (ECF No. 65.) In the motion, Plaintiff, a state prisoner proceeding *pro se*, requests that the Court reconsider plaintiff's previously denied motion for appointment of counsel. (*Id.* at 1.) Alternatively, plaintiff requests the Court authorize a certificate of appealability. (*Id.*) For the reasons below, the Court **DENIES** plaintiff's motion.

//

//

1

**I. Motion for Reconsideration**

As stated in the Court's previous order, "there is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed legal error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could have been raised earlier in the litigation." *Fuller v. Aikens*, 2012 WL 3528149, at *1 (August 15, 2012) (quoting *Marlyn Nutraceuticals, Inc. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted) (emphasis in original).

The Court previously denied plaintiff's motion for appointment of counsel because plaintiff demonstrated a sufficient ability to articulate his claims and arguments. (ECF No. 62 at 2.) The Court relied on the fact that plaintiff is afforded certain accommodations as a disability placement impacted vision inmate. (*Id.* at 2-3.) Plaintiff contends that the accommodations listed by the Court would not assist plaintiff in this litigation due to his

vision impairment. (ECF No. 65 at 4-5, 7-8.) To the extent plaintiff's dissatisfaction after attempting to use the accommodations is interpreted as new evidence, this evidence fails to demonstrate exceptional circumstances. For example, plaintiff asserts that there is no skilled inmate available to act as a scribe for writing documents to be filed in this case (*Id.* at 5.) Yet, his reconsideration motion is drafted by a fellow inmate, Albert (*see id.* at 2). Plaintiff further contends the magnifier accommodations will not assist him per Dr. Santos' feedback. (*Id.* at 4.) However, plaintiff has not demonstrated that he has attempted to use the magnifier or included any report from a doctor stating that the accommodations provided to plaintiff would not work. Moreover, plaintiff has shown an ability to draft court filings since he was diagnosed with his vision impairment. (*See id.* at 4; *see also* ECF No. 206 in Case Number 3:14-cv-00590-JLS-JLB.) Thus, plaintiff's contention fails because the instant motion demonstrates that the accommodations afforded to him sufficiently assist him in litigation.

The Court also denied plaintiff's first motion for appointment of counsel because he was able to adequately articulate his claims while discussing certain issues with defense counsel. (ECF No. 62 at 2.) In his reconsideration motion, plaintiff challenges the Court's reasoning by asserting that he only was able to discuss cases he knew from memory before he suffered his vision impairment. (ECF No. 65 at 3.) Plaintiff's instant motion clearly demonstrates his ability to understand the litigation process and basic legal principles, the facts of this case to point where he can dictate what to draft to other inmates, and that the legal issues involved in his case are not too complex for him to handle. Accordingly, the Court finds that plaintiff has not shown an inability to articulate his claims without counsel exists to warrant appointment of counsel.

Furthermore, plaintiff's motion presents no evidence that he has a likelihood of success on the merits. While the case is still in the discovery phase, the Court cannot determine whether or not plaintiff is likely to succeed on the merits of his claims as the parties have not yet proffered evidence in support of their claims. *See Bailey v. Lawford*, 835 F.Supp. 550, 552 (S.D. Cal. 1993); *see also Garcia v. Smith*, 2012 WL 249003, at *3

(S.D. Cal. June 27, 2012) (denying motion to appoint counsel because it was too early to determine whether any of the plaintiff's claims would be successful).

For the above reasons, the Court **DENIES** without prejudice plaintiff's motion for reconsideration and request to appoint counsel at this time.

## II. Request for Certification of an Interlocutory Appeal

Plaintiff requests permission to appeal this Court's decision. (ECF No. 65 at 9.)

Certification of an interlocutory appeal requires that "(1) there is a controlling question of law, (2) that there are substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982) (en banc). Section 1292(b) provides for interlocutory appeals as follows:

> "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing such order."

Pursuant to the statute, the Court finds that this order does not involve a controlling question of law and an immediate appeal from this order would not materially advance the ultimate termination of this case. To that end, plaintiff's request for a certificate of appealability is premature. *Pena-Calleja v. Ring*, 720 F.3d 988, 989 (8th Cir. 2013) (denial of habeas petitioner's motion for appointment of counsel would not be reviewed on interlocutory appeal because the order was not a conclusive determination and the denial was clearly reviewable on appeal of a final order). Therefore, the Court **DENIES** plaintiff's request without prejudice.

//
//
//

4

# CONCLUSION

For the above reasons, the Court orders that plaintiff's motion for reconsideration of appointment of counsel and request for certification of an interlocutory appeal [ECF No. 65] are **DENIED WITHOUT PREJUDICE**. Plaintiff's request for an extension of time is **DENIED WITHOUT PREJUDICE** as he failed to show good case to warrant any further extension. The Clerk's Office shall send plaintiff a copy of his instant motion along with this order.

IT IS SO ORDERED.

Dated: July 3, 2018

_____
ROBERT N. BLOCK
United States Magistrate Judge