UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO,<br><br>                           Plaintiff,<br><br>v.<br><br>BLAHNIK,<br><br>                          Defendant. | Case No.: 16-cv-2412-CAB (RNB)<br><br>**ORDER**<br><br>**DENYING PLAINTIFF'S MOTION FOR COUNSEL AND FOR PERMISSION TO APPEAL [ECF NO. 74]**<br><br>**GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME [ECF NO. 76]**<br><br>**DENYING PLAINTIFF'S MOTION FOR COPIES [ECF NO. 78]** |

On August 14, 2018, Plaintiff Raul Arellano ("Plaintiff") filed three motions *nunc pro tunc* to August 9, 2018. (*See* ECF Nos. 74, 76, 78.) On August 17, 2018, defendant filed opposition to plaintiff's three motions.

**Motion for Counsel Due to [Inability] to Meet Deadline of 8-29-18 (ECF No. 74)**

As the Court previously has advised plaintiff, "there is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360,

1363 (9th Cir. 1994) (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Plaintiff now is contending that, as a result of his alleged vision impairment, he will be prejudiced in in his ability to respond to interrogatories and document requests propounded by defendant if counsel is not appointed. For example, he contends that he has to review up to 2,000 pages of medical records in order to determine which records are responsive. However, a pro se litigant's difficulty conducting discovery is insufficient to satisfy the exceptional circumstances standard. *See Wilborn*, 789 F.2d at 1331. Here, once again, plaintiff has not even purported to demonstrate a likelihood of success on the merits. Thus, the Court still is unable to make the requisite determination whether or not plaintiff is likely to succeed on the merits of his claims. *See Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993); *see also Garcia v. Smith*, 2012 WL 249003, at *3 (S.D. Cal. June 27, 2012) (denying motion to appoint counsel because it was too early to determine whether any of the plaintiff's claims would be successful). Moreover, plaintiff has not even purported to make a showing that he is experiencing any difficulty in attempting to litigate his case as a result of the complexity of his claims. Two other considerations militating against granting plaintiff's motion are (a) the Ninth Circuit's recent denial of plaintiff's motion for appointment of counsel based on his alleged vision impairment, and (b)

defendant's willingness to extend the deadline to complete discovery and other deadlines as an accommodation to plaintiff's claimed medical condition.

Plaintiff's motion for counsel therefore is again **DENIED**.

To the extent plaintiff's is requesting permission to appeal to the Ninth Circuit the Court's denial of his motion for appointment of counsel, his request is denied. In *Wilborn*, 789 F.2d at 1330, the Ninth Circuit held that the denial of a § 1983 plaintiff's request for counsel was not immediately appealable as a "collateral order" exception to the final judgment rule of 28 U.S.C. § 1291. The Court further finds that this Order denying plaintiff's motion for appointment of counsel does not involve a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from this Order would not materially advance the ultimate termination of this case, for purposes of the Order qualifying as an appealable interlocutory order under 28 U.S.C. § 1292(b). However, nothing precludes plaintiff from serving and filing objections to this Order with the District Judge within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(a).

**Motion for Extension of Time to All Deadlines of Discovery, Etc. (ECF No. 76)**

Plaintiff's motion for an extension of all discovery deadlines is **GRANTED**. The new deadlines are set forth as follows. The Court will extend the deadline for plaintiff to respond to defendant's written discovery to November 23, 2018. Defendant shall reschedule plaintiff's deposition for a date in December and extend the discovery cut-off date to March 22, 2019. All pretrial motions including those addressing Daubert issues must be filed by August 12, 2019. A Mandatory Settlement Conference shall be conducted on October 28, 2019 in the chambers of the magistrate judge. Counsel shall submit settlement statements **directly** to the magistrate judge's chambers by October 21, 2019. Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by November 11, 2019. Defendant's counsel shall meet plaintiff and take the action required by Local Rule 16.1(f)(4) by November 18, 2019. Counsel for Defendants will be

responsible for preparing the pretrial order and arranging the meetings with plaintiff pursuant to Civil Local Rule 16.1(f). By November 25, 2019, Defendant's counsel must provide plaintiff with the proposed pretrial order for review and approval. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by December 2, 2019, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6). The final Pretrial Conference is scheduled on the calendar of the Honorable Cathy Ann Bencivengo on December 9, 2019 at 2:00 p.m. All other instructions set forth in the Court's initial scheduling order remain in effect.

Plaintiff's request for a copy of this motion is **DENIED** for the reasons set forth in the following section.

### Motion for Copies of Certain Documents (ECF No. 78)

Plaintiff's third motion seeks copies of certain documents filed in this case that plaintiff contends he now is missing. However, an inmate has no right to free copies of pleadings. *See In Re Richard*, 914 F.2d 1526, 127 (6th Cir. 1990) (*per curiam*) (28 U.S.C. § 1915 **"does not give a litigant a right to have documents copied and returned to him at government expense"**). Further, "[t]he Supreme Court has declared that 'the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress....' " *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989) (quoting *United States v. MacCollom*, 426 U.S. 317, 321 (1976)). The *in forma pauperis* statute, 28 U.S.C. § 1915, authorizes the Court to pay for service of process on behalf of an indigent litigant and, in certain cases, to pay the costs of printing the record on appeal and preparing a transcript of proceedings, but the statute does not authorize the Court to pay the costs for an indigent litigant's general copy requests. *See Davidson v. Sullivan*, 2018 WL 2837472, at *42 (S.D. Cal. June 8, 2018); *Mendoza v. United States*, 2015 WL 13332991, at *1 (D. Ariz. May 29, 2015). Plaintiff's motion for copies of documents therefore is **DENIED**.

To the extent plaintiff is requesting the appointment of counsel as part of this motion,

that request is **DENIED** for the same reasons stated above. Plaintiff has not even purported to make the requisite showing of exceptional circumstances.

Dated: August 15, 2018

ROBERT N. BLOCK
United States Magistrate Judge