UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO,<br><br>                                Plaintiff,<br><br>v.<br><br>BLAHNIK,<br><br>                                Defendant. | Case No.: 16-cv-02412-CAB (RNB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION; MOTION TO APPOINT COUNSEL; AND MOTION TO ALLOW APPEAL**<br><br>**(ECF NO. 85)** |

On September 11, 2018, plaintiff Raul Arellano ("plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed a motion, *nunc pro tunc* to September 10, 2018, (1) for the Court to reconsider its denial of plaintiff's motion for counsel (ECF No. 81); (2) to appoint counsel under new facts; and (3) to allow appeal. (ECF No. 85.) For the reasons discussed below, the Court **DENIES** plaintiff's motions.

## Motion for Reconsideration

In the Southern District of California, a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part." CivLR 7.1(i)(1). The moving

party must provide an affidavit setting forth, inter alia, new or different facts and circumstances which previously did not exist. *Id.*

Generally, reconsideration of a prior order is "appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters.*, 229 F.3d at 883). A party may not raise new arguments or present new evidence if it could have reasonably raised them earlier. *Kona Enters.*, 229 F.3d at 890 (citing *389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999)).

In its August 15, 2018 order, on which the present reconsideration motion is based, the Court denied plaintiff's motion for counsel based on his alleged vision impairment and his contention that the impairment would prejudice his ability to respond to interrogatories and document requests propounded by defendant. (*See* ECF No. 81 at 2.) In doing so, the Court noted that "a pro se litigant's difficulty conducting discovery is insufficient to satisfy the exceptional circumstances standard." (*See id.*, citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). The Court further noted that "plaintiff has not even purported to demonstrate a likelihood of success of the merits" or "to make a showing that he is experiencing any difficulty in attempting to litigate his case as a result of the complexity of his claims." (*See id.*) In denying the motion, the Court also noted that the following two considerations further militated against granting plaintiff's motion: "(a) the Ninth Circuit's recent denial of plaintiff's motion for appointment of counsel based on his alleged vision impairment, and (b) defendant's willingness to extend the deadline to complete discovery and other deadlines as an accommodation to plaintiff's claimed medical

condition." (*See id*. at 2-3.)

In his motion for reconsideration, plaintiff does not raise any new facts or circumstances regarding his alleged vision impairment. (*See*, *e.g.*, ECF Nos. 55, 58, 61, 65, 74, 76, 78, 85.) Instead, plaintiff contends that he needs counsel because he is in need "of many things for discovery that only a lawyer can get," such as the names and schedules of witnesses who are no longer working at the prison where the alleged incident occurred, D.O.M. prison rules for the year in question, and video of the law library for the dates in question. (*See* ECF No. 85 at 5.) Plaintiff also contends that the Court should consider his other mental disabilities, which include anxiety, depression, and delusions, as well as his diabetes, insomnia, neuropathy pain in his legs, neck pain, head pain due to nerve damage and migraines, and uncontrollable seizures that give him memory loss for days. (*See id.* at 6.) Plaintiff further contends that he takes a lot of medications that are ineffective to alleviate his symptoms of pain, but that create a lot of side effects, including sleepiness, dizziness, and lack of comprehension. (*See id*.) Based on the foregoing, plaintiff contends that "it could be inferred that [his] mind is not well [enough] to be able to comprehend, [and] retain information," and he "will be unable to go through [the] discovery process to get all [of the] evidence" he needs. (*See id*.) Lastly, plaintiff contends that a lawyer would assist him in explaining to the "jury and Court how all law library process of inmate's copy's take place." (*See id*.)

The Court does not find these new arguments and evidence proper grounds for a motion for reconsideration. *See Sch. Dist. No. 1J, Multnomah Cnty*., 5 F.3d at 1263; *Kona Enters*., 229 F.3d at 890. As such, the motion for reconsideration is **DENIED**. The Court will, however, address them in plaintiff's renewed motion for counsel below.

## Motion for Counsel

As the Court previously has advised plaintiff, "there is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). Thus, federal courts do not have the authority "to

3

16-cv-02412-CAB (RNB)

make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

As discussed above, plaintiff is now contending that he needs counsel because he is unable to obtain certain discovery due to his status as an inmate. (*See* ECF No. 85 at 5.) Plaintiff is also contending that counsel would assist him in explaining his case to the Court and a jury, and that counsel is needed because plaintiff lacks comprehension skills due to his mental impairments, pain, and the side effects from his medication, and as such would be unable to conduct discovery. (*See id.*)

For the same reasons stated in the Court's prior order, the Court denies plaintiff's renewed motion for counsel. (*See* ECF No. 81.) Plaintiff has still not demonstrated a likelihood of success on the merits[1] or an inability to articulate his claims *pro se* in light of the complexity of the legal issues involved. (*See id.*) Thus, plaintiff has failed to make the requisite showing of exceptional circumstances.

As previously stated, plaintiff's difficulty obtaining discovery is insufficient to satisfy the exceptional circumstances standard. (*See id.*) As the Ninth Circuit stated in

---

[1] Although plaintiff's access-to-court claim survived defendant's motion to dismiss, it is still too early to determine the likelihood of success on the merits. Without more, it is not certain whether plaintiff's claim will survive summary judgment. *See Garcia v. Smith*, 2012 WL 2499003, at *3 (S.D. Cal. June 27, 2012).

*Wilborn*, plaintiff's difficulty or extreme hardship in obtaining discovery is not the standard. *Wilborn*, 789 F.2d at 1331. Although certain discovery may be essential, "the need for such discovery does not necessarily qualify the issues involved as 'complex.'" *Id*. The Ninth Circuit elaborated:

> Most actions require development of further facts during litigation and a *pro se* litigant will seldom be in a position to investigate easily the facts necessary to support the case. If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues. Thus, although [the plaintiff] may have found it difficult to articulate his claims *pro se*, he has neither demonstrated a likelihood of success on the merits nor shown that the complexity of the issues involved was sufficient to require designation of counsel.

*Id*.

Thus, a plaintiff's difficulty or inability to obtain certain discovery does meet the standard for appointment for counsel.[2] Rather, a plaintiff must demonstrate an inability to articulate his claims *pro se* in light of the *complexity of the legal issues involved*. Plaintiff's claim in this case not legally "complex."[3] *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1104 (9th Cir. 2004). Thus, plaintiff has failed to make the requisite showing.

To the extent that plaintiff requests counsel due to comprehension issues based on his various medical conditions and/or pain medications, the Court finds that plaintiff has not demonstrated any comprehension issues or an inability to articulate his claims and present his case to this point. For example, as defendant's counsel stated after meeting with plaintiff in person on May 16, 2018, "[a]lthough the deposition did not go forward,

---

[2] The Court notes that if plaintiff propounds (or has propounded) specific discovery requests, which defendant objects to, plaintiff may avail himself of the Court's chambers rules governing discovery disputes.

[3] Plaintiff asserts in his motion that "[t]his type of case can be disputed at trial on basis of credibility without corrobrat[ing] evidence on either party." (*See* ECF No. 85 at 8.)

Plaintiff and Defendants' counsel discussed the case at length, including complex legal issues in the case. For example, Plaintiff discussed the difference between forward-looking and backward-looking claims as they relate to the favorable termination doctrine set forth in *Heck v. Humphrey*, as analyzed in *Christopher v. Harbury*. Two days later, on May 18, 2018, Defendants' counsel received a five-page tightly single-spaced, but legible, handwritten letter, with a May 16, 2018 date on the envelope, further discussing issues in that case." (*See* ECF No. 59 at 2 (internal citations omitted).) In a subsequent filing, plaintiff recalled that discussion and stated that he was able to discuss those cases because he had them memorized. (*See* ECF No. 65 at 3.) Thus, plaintiff has not demonstrated any cognitive issues that would impair his ability to litigate his case. Instead, he has demonstrated the opposite, by filing multiple, coherent motions before this Court advocating his positions, and demonstrating a keen diligence in pursuing this case.

Lastly, although counsel may assist plaintiff in explaining his case to the Court and a jury, plaintiff has demonstrated that he is capable of articulating his claims, which are typical, straightforward, and not legally "complex." *See Agyeman*, 390 F.3d at 1104.

Since plaintiff still has failed to make the requisite showing of exceptional circumstances, plaintiff's motion for counsel again is **DENIED**.

To the extent plaintiff's is requesting permission to appeal to the Ninth Circuit the Court's denial of his motion for appointment of counsel, his request is denied.[4] In *Wilborn*, 789 F.2d at 1330, the Ninth Circuit held that the denial of a § 1983 plaintiff's request for counsel was not immediately appealable as a "collateral order" exception to the final judgment rule of 28 U.S.C. § 1291. The Court further finds that this Order denying

---

[4] Plaintiff contends that the Court's denial of his motion for counsel would amount to a First Amendment violation because he is unable to conduct legal research in the law library due to his visual impairment, and the library does not have sufficient accommodation for his impairment. (*See* ECF No. 85 at 7-8.) The Court notes, however, that plaintiff raised the same concerns in his prior motions for counsel, and the Court has addressed them. (*See, e.g.,* ECF Nos. 65, 66, 76, 81.)

6

16-cv-02412-CAB (RNB)

plaintiff's motion for appointment of counsel does not involve a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from this Order would not materially advance the ultimate termination of this case, for purposes of the Order qualifying as an appealable interlocutory order under 28 U.S.C. § 1292(b). However, nothing precludes plaintiff from serving and filing objections to this Order with the District Judge within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(a).

IT IS SO ORDERED.

Dated: September 25, 2018

ROBERT N. BLOCK
United States Magistrate Judge