UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARRELLANO,<br><br>         Plaintiff,<br><br>v.<br><br>BLAHNIK,<br><br>         Defendant. | Case No.: 16cv2412-CAB-DHB<br><br>**ORDER DENYING MOTION "TO KNOW IF PERMITTED TO INCLUDE AS RELIEF FREEDOM FROM INCARCERATION" [Doc. No. 114]** |

On August 2, 2019, Plaintiff filed a motion "to know if I can be permitted to include as relief freedom from incarceration and to be allowed to allege compensating money damages for wrongful incarceration" ("motion to know"). [Doc. No. 114.] The motion to know appears to be yet another motion for reconsideration of this Court's order of August 17, 2017 (the "August 17 Order") [Doc. No. 16.] For the reasons stated in the August 17 Order, as well as this Court's order of September 8, 2017 [Doc. No. 21] denying Plaintiff's first motion for reconsideration, the motion to know is **DENIED**.

DISCUSSION

Although the Federal Rules of Civil Procedure do not expressly authorize a motion for reconsideration, "(a) district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment …" Posthearing Procedures, *Cal.*

*Prac. Guide Fed. Civ. Pro. Before Trial,* Ch. 12-E, §12:158, *quoting Smith v. Massachusetts*, 543 US 462, 475 (2005). However, reconsideration is an "extraordinary remedy, to be used sparingly." Absent highly unusual circumstances, a motion for reconsideration will not be granted "unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enterprises, Inc. v. Estate of Bishop,* 229 F3d 877, 890 (9th Cir. 2000)(internal quotes omitted).

First, Plaintiff's motion to know is untimely. Civil Local Rule 7.1.i.2. Second, Plaintiff has not presented any newly discovered evidence, nor has he shown clear error or an intervening change in the controlling law. *Kona Enterprises, Inc.,* 229 F3d at 890. Plaintiff continues to argue, as he did in the underlying motion to dismiss and in the first motion for reconsideration, that he was prohibited from filing a habeas petition because defendants allegedly stole his documents and, therefore, he should be allowed to seek monetary damages for wrongful incarceration. [Doc. No. 114 at 2.] Again, as clearly set forth in the August 17 Order, this Court has ruled that Plaintiff's access-to-court claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), to the extent that it seeks damages for wrongful incarceration. [Doc. No. 16 at 8.] If Plaintiff disagrees with this Court's ruling then, after a final judgment in this case, Plaintiff is free to appeal the ruling on that issue. In the meantime, this case will proceed pursuant to the August 17 Order.

CONCLUSION

For the reasons set forth above, the motion to know is **DENIED**.

Dated: August 5, 2019

Hon. Cathy Ann Bencivengo
United States District Judge