UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARRELLANO,<br><br>                      Plaintiff,<br><br>v.<br><br>BLAHNIK,<br><br>                      Defendant. | Case No.: 16cv2412-CAB-DHB<br><br>**ORDER DENYING RULE 60(b) MOTION [Doc. No. 119]** |

On September 11, 2019, Plaintiff filed a Motion: Fed.R. 60(b), which is deemed a motion for relief from order pursuant to Federal Rule of Civil Procedure 60(b). [Doc. No. 119.] For the reasons set forth below, the motion is **DENIED**.

A.  Legal Standard.

Rule 60 provides for extraordinary relief and may be invoked only upon a showing of "exceptional circumstances." *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1994). The Rule identifies six permissible grounds for relief from a final judgment, order, or proceeding, namely: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) and other reason justifying relief." Fed. R. Civ. P. 60(b). Further, the Rule provides that a motion brought under it

1

"must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of judgment or order of the date of the proceeding." Fed. R. Civ. P. 60(c).

B. Discussion.

Here, Plaintiff does not identify which ground for relief he seeks, nor does he state a basis for relief under Rule 60(b). Rather, Plaintiff repeats the same argument he has made numerous times that he should be allowed to seek damages for wrongful incarceration for his access-to-court claim because it is a "backward-looking" claim under *Christopher v. Harbury*, 536 U.S. 403, 413, 414 n.11 (2002). [Doc. No. 119 at 1.]

The Supreme Court recognizes "two categories" of access-to-courts claims: "forward-looking" and "backward-looking." *Christopher v. Harbury*, 536 U.S. at 413, 414 n.11 (2002). "Forward-looking" claims—often brought as prisoner class actions—involve "systemic official action" that "frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time." *Id*. at 413. The goal of forward-looking claims is injunctive relief "to place the plaintiff in a position to pursue a separate claim for relief once the frustrating condition has been removed." *Id*. By contrast, "backward-looking" claims cover "specific litigation [that] ended poorly," or that was never commenced, due to official interference. *Id.* at 413-14. The goal of this species of claim is monetary relief for the prior thwarted lawsuit.

This Court understands that Plaintiff is seeking to bring a "backward-looking" claim under *Christopher v. Harbury*. What Plaintiff apparently refuses to accept is that this Court has ruled that the monetary damages he might be awarded for such claim cannot include damages for wrongful incarceration, as that would violate *Heck v. Humphrey*, 512 U.S. 477 (1994). However, Plaintiff is free to seek other damages for his "backward-looking" claim, as set forth in this Court's order of August 17, 2017. [*See* Doc. No. 16 at 8.] As this Court has informed Plaintiff numerous times [*See* Doc. Nos. 21, 41, 46, 115], if Plaintiff disagrees with the Court's ruling as to the issue of

2

16cv2412-CAB-DHB

recoverable damages for his "backward-looking claim," he is free to appeal that ruling to the Ninth Circuit Court of Appeals at the appropriate time.

C.  Conclusion.

For the reasons set forth above, the motion for relief under Federal Rules of Civil Procedure 60(b) is **DENIED**.

**IT IS SO ORDERED.**

Dated:  September 27, 2019

Hon. Cathy Ann Bencivengo
United States District Judge