UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARRELLANO,<br><br>                       Plaintiff,<br><br>v.<br><br>BLAHNIK,<br><br>                       Defendant. | Case No.: 16cv2412-CAB-MSB<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION [Doc. No. 128]** |

On September 27, 2019, this Court issued an Order Denying Rule 60(b) Motion. [Doc. No. 121.] On October 29, 2019, Plaintiff filed a motion for reconsideration of that order. [Doc. No. 128.]

A. Motion for reconsideration.

Although the FRCP do not expressly authorize a motion for reconsideration, "(a) district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment …" Posthearing Procedures, *Cal. Prac. Guide Fed. Civ. Pro. Before Trial,* Ch. 12-E, §12:158, *quoting Smith v. Massachusetts*, 543 US 462, 475 (2005).

However, reconsideration is an "extraordinary remedy, to be used sparingly." Absent highly unusual circumstances, a motion for reconsideration will not be granted "unless the district court is presented with newly discovered evidence, committed clear error, or

1

if there is an intervening change in the controlling law." *Kona Enterprises, Inc. v. Estate of Bishop,* 229 F3d 877, 890 (9th Cir. 2000)(internal quotes omitted).

B. Discussion.

Here, Plaintiff has not presented any newly discovered evidence, nor has he shown clear error or an intervening change in the controlling law. Rather, Plaintiff again seeks clarification of what damages he may seek for his access-to-court claim. Specifically, Plaintiff wants to know why he cannot be granted the relief he would have been granted had it not been for the interference of the official – "such relief is the release from prison." [Doc. No. 128 at 2, ll. 27-28.] However, even if Plaintiff were to prevail on his access-to-court claim, there is no way that this Court in this action can provide him with the relief of being released from prison.

Challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 488-500 (1973). When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, <u>his sole federal remedy is a writ of habeas corpus.</u> *Id*. at 500 (emphasis added). On the other hand, a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody. *Id*. at 499. If Plaintiff wants the "relief of being released from prison," then he must file a habeas petition pursuant to § 2254.

This Court understands Plaintiff's frustration. This is exactly the "Catch-22" situation discussed in this Court's order of August 17, 2017. [*See* Doc. No. 16 at 4, ll. 3-7.] However, the law is clear that if Plaintiff seeks the "relief of being released from prison," the only mechanism by which to do that is to file a habeas petition under §2254. *Preiser*, 411 U.S. at 488-500.

C.  Conclusion

For the reasons set forth above, the motion for reconsideration is **DENIED**. Moreover, this Court will not entertain any further motions for clarification or reconsideration of this issue.  Plaintiff is free to appeal this Court's rulings to the appropriate court of appeals at the appropriate time.  In the meantime, this case shall proceed forward expeditiously to dispositive motions and/or trial.

**IT IS SO ORDERED.**

Dated:  November 7, 2019

Hon. Cathy Ann Bencivengo
United States District Judge