UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| RAUL ARELLANO, | Case No.: 16cv2412-CAB (MSB) |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S SECOND MOTION FOR RECONSIDERATION** |
| BLAHNIK, | **[ECF No. 149]** |
| Defendant. | |

On February 14, 2020, this Court issued an "Order Denying Plaintiff's Motion for Reconsideration." (ECF No. 147.) On March 2, 2020, Plaintiff filed "Motion: 59(e); or 60(b) in regard to 'Order Denying Plaintiff's Motion for Reconsideration,'" seeking relief from the Court's denial of reconsideration. (ECF No. 149.)

**A.  Legal Standard**

Plaintiff asserts this motion under, alternatively, Federal Rules of Civil Procedure 59(e) or 60(b). (See ECF No. 149 at 1.) As this Court noted when ruling on Plaintiff's previous motion for reconsideration, because "Rule 59(e) 'clearly contemplates entry of judgment as a predicate to any motion,'" and there has been no entry of judgment in this case, Rule 59(e) is not the proper standard for the instant motion. See, e.g., Balla v. Idaho State Bd. of Corrections, 869 F.2d 461, 466-67 (9th Cir. 1989) (finding an order

denying prisoner plaintiffs' contempt motion and closing all issues except overcrowding to relitigation was not a judgment within the meaning of Rule 59(e)). Therefore, the Court will apply Rule 60(b) to this motion.

Federal Rule of Civil Procedure 60(b) provides, in part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

"Rule 60 provides for extraordinary relief and may be invoked only upon a showing of 'exceptional circumstances.'" (ECF No. 121 (citing Engleson v. Burlington N.R. Co., 972 F.2d 1038, 1044 (9th Cir. 1994).) Further, Rule 60(b)(1) is not meant to remedy a party's mistaken litigation strategy. Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1101 (9th Cir. 2006) ("We agree that Rule 60(b)(1) is not intended to remedy the effects of a litigation decision that a party later comes to regret through subsequently-gained knowledge that corrects the erroneous legal advice of counsel.")

Because Mr. Arellano is a pro se prisoner, the Court is again mindful of precedent directing lenience in the interpretation of Plaintiff's pleadings. The pleadings of pro se litigants are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Small v. Horel, 367 F. App'x 759, 761 (9th Cir. 2010). This is particularly true in a civil rights case, where "the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt." Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (The rule of liberal construction is "particularly important in civil rights cases."). Nevertheless, pro se plaintiffs remain

bound by the applicable procedural rules.  See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (overruled on other grounds by Lacey v. Maricopa Cnty., 693 F.3d 896 (9th Cir. 2012)); Carter v. Comm'r, 784 F.2d 1006, 1008-09 (9th Cir. 1986).

**B.    Discussion**

Here, Plaintiff does not identify on which of the Rule 60(b) grounds he bases his request for relief from the Court's order denying his motion for reconsideration of the Court's denial of his motion to compel discovery.  Nor does he present a basis for doing so.  Plaintiff's arguments are essentially that (1) Plaintiff's failure to mention in his Motion to Compel [ECF No. 123] or Reply [ECF No. 132] that he allegedly filed motions to compel on the request for production in May and July of 2019 was excusable since he did not think those earlier motions were relevant, (ECF No. 149 at 3-5); and (2) that Plaintiff's delay bringing the motion to compel was excused because he could not bring the motion to compel without a copy of ECF No. 96 to verify that he had asked Defendant for documents, and the Court had not responded to his requests for ECF No. 96, (id. at 5-6).

Plaintiff's first argument, reiterating why he did not mention his alleged May and July 2019 Motions to Compel, is similar to the argument he raised in his first motion for reconsideration, which this Court has already rejected. (See ECF No. 147 at 5.)  Plaintiff has presented no new evidence in support of this position.  As this Court has previously stated, Plaintiff was on notice that the timeliness of his motion was at-issue and that he needed to address the entire delay leading up to his Motion to Compel.  (Id.)  Plaintiff's detailed and shifting explanations for why he didn't address the entire period of delay are not persuasive.  The Court further notes that none of the earlier motions to compel that Plaintiff vaguely claimed that he "must of written" and sent to the Court for the first time in his first Motion for Reconsideration appear on the docket.  (See ECF No. 143 at 2 (claiming to have sent motions in May and July 2019); docket (lacking any entries for Plaintiff's earlier motions to compel).)  No evidence has been submitted to

corroborate Plaintiff's untimely self-serving statements, such as a mail log showing that Plaintiff sent the motions he claims to have sent. Under the circumstances, the Court has a difficult time being persuaded that the earlier motions were in fact sent to the Court.

Plaintiff's second argument, that he needed a copy of ECF No. 96 from the Court so that he could properly serve Defendant, and that his motion to compel deadline did not accrue since he had not resent ECF No. 96 to Defendant is also unavailing. (See ECF No. 149 at 5 ("Based on the above [it] is evident that as to my knowledge Defendant had not been properly served with 2nd motion for request of documents [a]nd I couldn't serve[] her until I g[o]t from Court a copy of ECF 96 so I can verify it is the document of 'Request for Documents,' and serve Defendant with it. Only then if Defendant fail[ed] to respon[d] I could adequately file Motion to Compel.").) Firstly, Plaintiff claims that he has not yet received a copy of ECF No. 96, noting that he continued to request a copy in his Motion to Compel in September 2019.[1] (Id. at 5.) That Plaintiff ultimately filed his Motion to Compel when he claims he had never received ECF No. 96 and was still requesting a copy, (see ECF No. 123 at 1), makes clear that he never needed the document to pursue his Motion to Compel. Second, Plaintiff states that Defendant first denied that ECF No. 96 was a motion for production of documents on January 10, 2019. If Plaintiff was of the belief that Defendant had not been properly served with the request for production at-issue, all Plaintiff needed to do was serve another timely request for production. If Plaintiff disagreed, he ought to have pursued a motion to compel. There was no reason for Plaintiff to be beholden to ECF No. 96, or to stall discovery for many months while purportedly awaiting a copy.

---

[1] The Court notes that in response to Plaintiff's motions, it ordered the Clerk to send copies of ECF No. 96 on March 4, 2019 and October 15, 2019 (ECF No. 104 at 2; ECF No. 124.) Plaintiff makes no mention of these orders in his briefing.

Finally, Plaintiff's assertion that he could wait indefinitely to re-serve ECF No. 96, and then file a motion to compel if Defendant failed to respond, completely ignores the fact that discovery closed in this case on March 22, 2019. (ECF No. 81 at 3.) The importance of the discovery deadlines was underscored in this case by the Defendant's many motions to modify discovery deadlines premised on Plaintiff's refusal to participate in discovery for various reasons, which was also the subject of a Motion to Dismiss by Defendant. (See, e.g., ECF Nos. 67, 97, 109, 126.) Additionally, Plaintiff has himself previously filed numerous motions to extend discovery deadlines in this case, demonstrating his awareness of the same. (See, e.g., ECF No. 51, 55, 58, 61, 76, 78.) Nothing changed in this case to permit Plaintiff to disregard discovery cut-off by nearly ten months.

For these reasons, the Court **DENIES** Plaintiff's Second Motion for Reconsideration.

### I.     CONCLUSION

For the reasons stated above, Plaintiff's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 10, 2020

Honorable Michael S. Berg
United States Magistrate Judge