1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   SOUTHERN DISTRICT OF CALIFORNIA
10

11   RAUL ARELLANO,                      Case No.:  16cv2412-CAB-MSB
12                          Plaintiff,
                                         **ORDER: (1) ADOPTING REPORT**
13   v.                                  **AND RECOMMENDATION [Doc.**
                                         **No. 160]; (2) REJECTING**
14   BLAHNIK,                            **DEFENDANT'S OBJECTIONS [Doc.**
                                         **No. 161]; (3) DENYING**
15                          Defendant.   **DEFENDANT'S MOTION FOR**
                                         **SUMMARY JUDGMENT [Doc. No.**
16                                       **134]; AND (4) SETTING**
                                         **TELEPHONIC STATUS**
17                                       **CONFERENCE**
18
19

20        Plaintiff Raul Arellano ("Plaintiff"), a state prisoner proceeding *pro se* and *in*
21   *forma pauperis*, filed his complaint in this case on September 23, 2016, alleging
22   Defendant Blahnik ("Defendant") violated his rights under 42 U.S.C. §1983.  [Doc. No.
23   1.]  On December 12, 2019, Defendant filed a motion for summary judgment.  [Doc. No.
24   134.]  On March 5, 2020, Plaintiff filed an opposition.  [Doc. No. 150.]  On March 13,
25   2020, Defendant filed a reply.  [Doc. No. 151.]  On March 30, 2020, Plaintiff filed a sur-
26   reply.  [Doc. No. 153.]
27        On July 2, 2020, Magistrate Judge Michael S. Berg issued a Report and
28   Recommendation regarding Defendant's motion for summary judgment (the "Report"),

                                        1

recommending that Defendant's motion be denied.  [Doc. No. 160.]  On July 20, 2020, Defendant filed objections to the Report.  [Doc. No. 161.]  On August 5, 2020, Plaintiff filed a reply to Defendant's objections. [Doc. No. 162.]  Having reviewed the matter *de novo* and for the reasons that follow, the Report is **ADOPTED**, Defendant's objections are **REJECTED**, and the motion for summary judgment is **DENIED**.

REVIEW OF REPORT AND RECOMMENDATION

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rules of Civil Procedure 72(b) and 28 U.S.C. § 636(b).  The district judge must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b).  The district court need not review de novo those portions of a report and recommendation to which neither party objects.  *See Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).

DISCUSSION

A.  Collateral Estoppel (Issue Preclusion).

Defendant argues that because the issue of exhaustion of administrative remedies was decided against Plaintiff in a previous state habeas corpus action connected to Defendant Blahnik's loss of his legal papers, Plaintiff should be precluded from arguing he exhausted his administrative remedies in this case.  [Doc. No. 134 at 21.]  Magistrate Judge Berg concluded that the standard for exhaustion of administrative remedies is different for state habeas petitions than under the federal PLRA and, therefore, issue preclusion does not apply.  [Doc. No. 160 at 5-10.]  Defendant does not object to this portion of the Report.  Nevertheless, this Court has reviewed the matter of issue preclusion *de novo* and agrees with Magistrate Judge Berg that issue preclusion does not apply here, as the standard for exhaustion is different in state habeas petitions.  *See,*

2

*Report* at 9, and cases cited therein.  Therefore, Defendant's motion for summary judgment based on issue preclusion is **DENIED**.

B.   Administrative Exhaustion.

Defendant argues that Plaintiff failed to exhaust his administrative remedies regarding the lost paperwork issue before bringing this action.  [Doc. No. 134 at 21.]  Magistrate Judge Berg concluded that there are disputed issues of material fact as to whether Plaintiff submitted Grievance 4029 a third time and whether it was obstructed or ignored. [Doc. No. 160 at 20.]  Magistrate Judge Berg also concluded that the Grievance Rewrite [Doc. No. 134 at 60-65] was sufficient on its face to alert prison officials to Plaintiff's attempt to seek redress for the lost paperwork issue.  [Doc. No. 160 at 21.]  Defendant objects to both findings.

1.   Finding that the Grievance Rewrite put "prison staff on notice" that the lost paperwork issue was "the wrong that Plaintiff sought to remedy."

Defendant objects to this finding because the Grievance Rewrite clearly listed the yard move as the chosen issue.  [Doc. No. 161 at 4.]  If the first page of the Grievance Rewrite is viewed in a vacuum, then it is possible it would not put prison staff on notice that the lost paperwork was the issue Plaintiff wanted resolved.  However, when viewed in conjunction with the attachments to the Grievance Rewrite, as well as Plaintiff's other submissions, especially the handwritten notations on the rejection notices (see below), it is simply unclear on summary judgment whether prison officials were on notice of the lost paperwork issue. Therefore, Defendant's objection to this finding is **REJECTED** because the question of whether prison staff was on notice of the lost paperwork issue cannot be determined on summary judgment.

2.   Finding of factual dispute as to whether Plaintiff re-submitted the December 3, 2014 grievance after its December 24, 2014 rejection.

Defendant objects to this finding because, even if the December 3, 2014 grievance was resubmitted it could only have ever exhausted Plaintiff's yard move request, since that was the issue that was raised by that grievance.  [Doc. No. 161 at 7.]  However, this

Court agrees with Magistrate Berg's conclusion that the record does not conclusively show that Plaintiff's assertion that he timely resubmitted the 4029 Grievance after its December 24, 2014 rejection is not credible.  [Doc. No. 160 at 20.]  Plaintiff's handwritten notations on the various rejection notices [Doc. No. 134 at 55-57, 67] suggest that Plaintiff resubmitted the rejection notices with the handwritten notations sometime after December 24, 2014, and that he assumed this was adequate to pursue the lost paperwork issue.  As such, there is a factual dispute as to whether the handwritten notations could reasonably constitute a grievance and whether prison staff obstructed or ignored Plaintiff's alleged resubmission of his grievance that was needed to fully exhaust his claims.  Given this factual dispute, Defendant's objection is **OVERRULED**, and the motion for summary judgment based upon failure to exhaust administrative remedies is **DENIED**.

C.  Access to Courts Claim.

Defendant argues that, even if he is responsible for the lost documents, the contents of those documents would not have resulted in a successful habeas petition, thereby disproving Plaintiff's contention he was frustrated in his efforts to file a nonfrivolous claim.  [Doc. No. 134 at 9.]  Magistrate Judge Berg concluded that the alleged injury to Plaintiff is not whether the habeas petition would have been successful, but whether Plaintiff lost the opportunity to present a nonfrivolous claim.  Magistrate Judge Berg also pointed out that Defendant did not argue that the facts alleged by Plaintiff in support of his underlying claims are "fantastical or delusional," but instead only argued that Plaintiff's alleged facts do not adequately support his alleged habeas claims.  [Doc. No. 160 at 38.]  In his objections, Defendant now clarifies that his moving papers do show that Plaintiff's alleged facts regarding his alleged habeas claims are "fantastical or delusional."  [Doc. No. 161 at 7-8.]  However, a petition for writ of habeas corpus (which is what Plaintiff alleges he intended to file) is "not facially frivolous."  *Sprinkle v. Robinson ("Sprinkle I"),* No. CIV S-02-1563 LKK EFB P., 2007 WL 2389984, at *7 (E.D. Cal. Aug. 27, 2007).  And Plaintiff's alleged facts supporting the alleged petition

cannot be said, at least on summary judgment, to be "fantastical or delusional."
Therefore, Defendants objection is **OVERRULED,** and the motion for summary
judgment based upon failure to present an arguable habeas claim to support an access to
courts claim is **DENIED**.

CONCLUSION

For the reasons set forth above, the Court rules as follows:

1.  The Report [Doc. No. 160] is **ADOPTED**;

2.  Defendant's Objections [Doc. No. 161] are **REJECTED**;

3.  The Motion for Summary Judgment [Doc. No. 134] is **DENIED**;

4.  A telephonic status conference before Judge Bencivengo to reset pretrial dates
    is **HEREBY SCHEDULED** for **October 8, 2020** at **11:00 a.m.** Counsel for
    Defendant is instructed to connect through an AT&T Teleconference
    connection at (888) 398-2342, access code: 1749358. Counsel for Defendants
    shall also arrange for Plaintiff's telephonic appearance.

**IT IS SO ORDERED.**

Dated: September 28, 2020

_____
Hon. Cathy Ann Bencivengo
United States District Judge

16cv2412-CAB-MSB