UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO,<br><br>                          Plaintiff,<br>v.<br>BLAHNIK,<br><br>                          Defendant. | Case No.:  16cv2412-CAB-MSB<br><br>**ORDER REGARDING MOTION TO BE SENT COPIES OF CERTAIN DOCUMENTS [Doc. No. 167]** |

On October 27, 2020, Plaintiff filed a motion to be sent print out of certain documents. [Doc. No. 167.] Specifically, Plaintiff requests a copy of Docket Nos. 8, 13 and 15. [Doc. No. 167 at 2.]

While "prisoners have a constitutional right of access to the courts," *Bounds v. Smith*, 430 U.S. 817, 821 (1977), there is no constitutional right to receive photocopies free of charge. *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1990), *overruled on other grounds by Lewis v. Casey*, 518 U.S. 343, 351 (1996); *see also Jones v. Franzen*, 697 F.2d 801, 803 (7th Cir. 1983) ("[B]road as the constitutional concept of liberty is, it does not include the right to xerox."); *Wanninger v. Davenport*, 697 F.2d 992, 994 (11th Cir. 1983) (finding no violation of "appellant's constitutional rights when [prison officials] refused to provide him with free photocopies...."); *Reynolds v. Wagner*, 128 F.3d 166, 183 (3d Cir. 1997) ( [T]here is no First Amendment right to subsidized [legal] mail or

photocopying.").

The rule prohibiting free photocopies is the same for plaintiffs proceeding *in forma pauperis*. *See In re Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990) (Title 28 U.S.C. section 1915 "waives only 'prepayment of fees and costs and security ...' [but] does not give the litigant a right to have documents copied and returned to him at government expense."); *Hadsell v. Comm'r Internal Revenue Service*, 107 F.3d 750, 752 (9th Cir. 1997); *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993) (explaining that title 28 U.S.C. section 1915—governing proceedings in forma pauperis—does not waive the payment of fees or expenses required for an indigent's witnesses); *Tedder v. Odel*, 890 F.2d 210, 211–12 (9th Cir. 1989) (per curiam) (*quoting United States v. MacCollom*, 426 U.S. 317, 321 (1976) (holding that "the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress," and that 28 U.S.C. section 1915 does not provide such authorization); *Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993) (courts are not authorized "to commit federal monies for payment of necessary expenses in a civil suit brought by an indigent litigant."); *St. Hilaire v. Winhelm*, 1996 WL 119505 (9th Cir. Mar. 18, 1996) ("There is no statutory requirement for the government to provide a litigant proceeding in forma pauperis with copies of deposition transcripts."). Nevertheless, "although a prisoner does not have an unlimited right to free copying, some reasonable means of access to a photocopy machine will be necessary to protect an inmate's right of access to the courts." *Armstrong v. Scribner*, 2008 WL 268974, at *20 (S.D. Cal. Jan. 30, 2008) (*quoting Giles v. Tate*, 907 F. Supp. 1135, 1138 (S.D. Ohio 1995)).

Plaintiff claims he needs Docket Nos. 8, 13 and 15 to prepare for issues related to punitive damages, which may be the subject of a future motion for summary judgment. [*See* Doc. No. 165 at 2.] While Plaintiff is not necessarily entitled to copies of those documents, in the interests of moving this case forward and assisting Plaintiff in preparing for the upcoming motion, the Court **GRANTS** Plaintiff's request.

Therefore, **IT IS HEREBY ORDERED**: The Clerk of the Court shall send to Plaintiff, along with a copy of this order, a copy of Docket Nos. 8, 13, and 15.

Going forward, Plaintiff should retain a copy of any documents he thinks he may need to reference later.  If Plaintiff should need further copies of any court documents from the Clerk of the Court, they may be purchased at $0.50 per page.

Dated:  October 28, 2020

_____
Hon. Cathy Ann Bencivengo
United States District Judge