# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO,<br><br>         Plaintiff,<br><br>vs.<br><br>BLAHNIK,<br><br>         Defendants. | Case No.: 16cv2412-CAB-MSB<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL [Doc. No. 190]** |

On May 27, 2021, Plaintiff Raul Arellano filed a motion for counsel to assist him with the upcoming evidentiary hearing regarding exhaustion of administrative remedies. [Doc. No. 190.] As Plaintiff is aware, there is no constitutional right to counsel in a civil case. *Lassiter v. Dept. of Social Servs,* 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). And while 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to "request" that an attorney represent an indigent civil litigant, *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004), this discretion is exercised only in "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires the Court "to consider whether there is a 'likelihood of success on the merits' and whether 'the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved.'" *Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015) (*quoting Palmer*, 560 F.3d

at 970).

The Court **DENIES** Plaintiff's request for counsel to represent him at the evidentiary hearing. While there was some discussion in the past about possibly providing Plaintiff with pro bono counsel [*see* Doc. No. 165 at 2], the Court has reevaluated the matter and now **DENIES** the request. First, due to the COVID-19 pandemic, the availability of pro bono counsel has been severely curtailed. Second, pursuant to Federal Rules of Evidence 201(b) and (c), the Court takes judicial notice of the fact that Plaintiff has filed thirteen lawsuits in this court against prison officials and other law enforcement personnel, nine of which are still pending.[1] As a result, Plaintiff is very familiar with the legal process and is fully capable of articulating his claims and arguments.[2] Therefore, the Court **DENIES** Plaintiff's request for pro bono counsel to represent him at the evidentiary hearing regarding exhaustion of administrative remedies. Plaintiff may renew the motion for counsel should the case proceed to jury trial.

Dated: June 8, 2021

Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] *Arellano v. Hodge,* 14cv590-JLS-JLB(open); *Arellano v. County of San Diego*, 14cv2404-GPC-KSC(open); *Arellano v. Sedighi*, 15cv2059-AJB-BGS(open); *Arellano v. Milton*, 15cv2069-JAH-AHG(open); *Arellano v. Dean*, 15cv2247-JLS-JLB(open); *Arellano v. Blahnik*, 16cv2412-CAB-MSB(open); *Arellano v. Santos*, 18cv2391-BTM-WVG(open); *Arellano v. Jones*, 20cv228-TWR-RBM(open); *Arellano v. Guldseth*, 20cv1633-TWR-RBM(open); *Arellano v. Ojeda*, 14cv2401-MMA-JLB(closed); *Arellano v. Self*, 15cv2300-AJB-LL(closed); *Arellano v. Lamborn*, 19cv2360-JAH-LL(closed); *Arellano v. Doe*, 20cv1564-BAS-BGS(closed).

[2] For example, Plaintiff filed an opposition [Doc. No. 150, 162] to Defendant's motion for summary judgment regarding exhaustion of administrative remedies [Doc. No. 134], and Defendant's motion was ultimately denied [Doc. No. 160, 163].