UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARRELLANO,<br><br>                        Plaintiff,<br>v.<br>BLAHNIK,<br><br>                        Defendant. | Case No.: 16cv2412-CAB-DHB<br><br>**ORDER DENYING MOTION FOR TRANSCRIPTS, RECONSIDERATION AND COPIES**<br>**[Doc. No. 216]** |

On October 4, 2021, this Court held an evidentiary hearing regarding whether Plaintiff exhausted his administrative remedies. [Doc. No. 211.] The Court found that Plaintiff did not exhaust his administrative remedies and dismissed the case with prejudice. [Doc. No. 213.] On October 4, 2021, a Clerk's Judgment was issued in favor of Defendant. [Doc. No. 214.]

On October 15, 2021, Plaintiff filed a "Motion (1) to receive transcripts of the evidentiary hearing so I can properly create an effective appeal; (2) I would like to know if I can file a motion for rehearing or reconsideration regarding the outcome of evidentiary hearing or Fed. R. 60(b), (3) copy of these motion. " [Doc. No. 216]. For the reasons set forth below, all three requests are **DENIED**.

/ / / / /

/ / / / /

1. Transcripts.

Plaintiff requests a free copy of the transcript of the evidentiary hearing held on October 4, 2021. Before a free transcript can be furnished, appeal to the Court of Appeals from judgment of the District Court in a civil proceeding must be permitted *in forma pauperis*, and required certification must be made. *Maloney v. E.I. DuPont de Nemours & Co.*, 396 F.2d 939, 940 (D.C. Cir. 1967); *Franks v. Kirk,* No. 1:15-cv-00401-EPG (PC), 2019 WL 249518, *1-2 (E.D. Cal. Jan. 17, 2019). To date, Plaintiff has not filed a notice of appeal, nor a request to appeal *in forma pauperis*. Therefore, the request for a free transcript is **DENIED AS PREMATURE.**

2. Rule 60/Reconsideration.

While Plaintiff states that he "would like to know if I can file" a motion for reconsideration, the Court deems Docket No. 216 to be an actual motion for reconsideration under Fed.R. 60(b).

Rule 60 provides for extraordinary relief and may be invoked only upon a showing of "exceptional circumstances." *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1994). The Rule identifies six permissible grounds for relief from a final judgment, order, or proceeding, namely: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) and other reason justifying relief." Fed. R. Civ. P. 60(b). Further, the Rule provides that a motion brought under it "must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of judgment or order of the date of the proceeding." Fed. R. Civ. P. 60(c).

Here, Plaintiff does not identify which ground for relief he seeks, nor does he state a basis for relief under Rule 60(b). Rather, Plaintiff merely describes testimony given during the evidentiary hearing (as he remembers it) and then quarrels with the Court's fact-finding decision. The Court has reviewed Docket No. 216 and sees no basis for relief under

Rule 60(b). Plaintiff is free to appeal this Court's rulings and findings to the Court of Appeals.

3. Copies.

Plaintiff requests a copy of Docket No. 216 because he is not sure when he will be able to get a copy at the prison law library. While "prisoners have a constitutional right of access to the courts," *Bounds v. Smith*, 430 U.S. 817, 821 (1977), there is no constitutional right to receive photocopies free of charge. *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1990), *overruled on other grounds by Lewis v. Casey*, 518 U.S. 343, 351 (1996). The rule prohibiting free photocopies is the same for plaintiffs proceeding *in forma pauperis*. *See In re Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990) (Title 28 U.S.C. section 1915 "waives only 'prepayment of fees and costs and security ...' [but] does not give the litigant a right to have documents copied and returned to him at government expense). Plaintiff has not shown he has been denied access to obtaining his own copy and, therefore, his request for a copy of Docket No. 216 is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 19, 2021

Hon. Cathy Ann Bencivengo
United States District Judge